OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
We cannot say that the Appellate Division erred as a matter of law in concluding that there was probable cause for the issuance of this search warrant. Proof was submitted to the issuing magistrate that an informer, without any marihuana on his person, had entered the premises in question in which one Basil Garzia resided, that the informer said that he had then purchased the alleged marihuana from Basil Garzia, and that the informer left the premises carrying a plastic bag which appeared on field examination to contain marihuana.
The source of this information was observations made by police officers of the Westchester County Sheriffs Office, not individually identified. For the protection of the informer, the day of the transaction was fixed with no greater particularity than to say that it occurred between the 3d and the 9th of July, 1975. The search warrant was issued and executed on the latter date.
While we agree with appellant that individual identification of the police observer or observers might have been preferable (as would have been specification of the date), such identification and verification of the proof would have been readily accessible to defendant — thereby to expose any fabrication of the evidence. Nor on any view was the proof stale. Again, we note the high desirability of the practice of obtaining warrants, and would, albeit reluctantly, rely on inferences reasonably to be drawn from an affidavit prepared by a draftsman concededly unskilled in legal matters to support conclusions reached at the Appellate Division.
The affidavits in this case provide no proper model, however, and similar occasions for litigation over inadequately or incompletely expressed ideas should be avoided.
*869 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
Order affirmed.